PER CURIAM.
Mirit Mendelson, the former wife, appeals a visitation schedule ordered in post-dissolution proceedings. We affirm in part and reverse in part.
The former wife and Yosi Gil, the former husband, were divorced in 2000. There are three children of the marriage, ages thirteen, ten, and seven at this time. The former wife is the primary residential parent.
The judgment granted the former husband liberal visitation but did not spell out the details of the visitation schedule. As a result of visitation disputes, both parties petitioned the court to establish a visitation schedule. From the court’s ruling, ■the former wife appeals.
*754 The parties agree that the former husband should have visitation with the children every other weekend. We therefore affirm that part of the visitation order.
As to weekday visitation, the trial court’s order specifies that the children will have overnight visitation with the former husband every Monday night and every Wednesday night. As we interpret the transcript, we agree with the former wife that the written order does not conform to the trial court’s oral pronouncement. As we read it, the oral pronouncement was for the former husband to have overnight visitation on alternating Mondays. Thus, following a weekend when the former husband did not have visitation, the children would have Monday night visitation with the former husband.
The more substantial issue presented below, and on this appeal, is whether the former husband should have any weekday visitation at all, or at least, while school is in session.
At the hearing below, the wife objected to the weekday visitation for the following reasons. (1) The former husband, an Israeli national, does not read English and is unable to help the children with their homework. (2) The former husband works long hours in his business and frequently comes late for visitation, sometimes by as much as three or four hours, and frequently cancels entirely. (3) The former husband frequently leaves the children with third-person caretakers rather than being present for visitation. As to the latter point, the former wife had subpoenaed the former husband’s former girlfriend, a neighbor, and a building security guard, proffering that this would be the witnesses’ testimony. However, because the time for hearing was about to expire, the witnesses were not allowed to testify.
The former husband replied as follows. (1) He acknowledges that he does not read English but stated, that he would hire a tutor to be present to help the children with their homework. (2) He did not dispute being late for visitation or canceling at the last minute, but says that the children have been willing to schedule alternative visitation on other weekdays. (3) He did not respond to the charge that he frequently leaves the children with third-party caretakers during his scheduled visitation.
A visitation schedule is appropriate if it is in the best interests of the children and appropriate for the children’s ages and circumstances. See Brown v. Smith, 705 So.2d 682, 685 (Fla. 4th DCA 1998).
The issues raised by the former wife are, in our view, substantial ones. It is not clear on the present record that the weekday visitation is, in fact, in the children’s best interest.
It is hard to see (at least on the present record) how the former husband’s visitation would work. The former husband maintains that he will provide a tutor, but does not dispute that he frequently picks up the children late (which would seem to render tutoring time unworkable) or not at all, and schedules visitation for a different day. If, as the former wife says, the former husband’s practice is to leave the children with third persons (including, potentially, the tutor) this too would not seem to be in the children’s best interests.
Because the former wife was not given an opportunity to present her witnesses, and the former husband’s testimony does little to respond to the former wife’s concerns, we reverse the order insofar as it provides for weekday visitation and remand for a new hearing to determine whether the former husband should have weekday visitation and, if so, how much. We acknowledge that the trial court was operating with the utmost of good motives *755 in attempting to have a speedy resolution of all outstanding visitation issues, but under the facts of the present case, we conclude that a further hearing is called for on the issue of weekday visitation.
Affirmed in part, reversed in part, 'and remanded for further proceedings consistent herewith.
i